# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:95-CR-166-2 |
| | § | |
| LEROY GRAHAM ARMSTEAD | § | |

## REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed September 23, 2004, alleging that defendant violated conditions of supervised release by committing another crime – marijuana possession and theft – and by associating with a person engaged in criminal activity.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on June 12, 1996, before The Honorable Howell Cobb, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of theft of a firearm from a licensed firearms dealer, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of VI, was 110 to 120 months. Defendant was subsequently sentenced to 120 months imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include the defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release; financial disclosure; the defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule; $1,570.20 in restitution; and a $50 special assessment fee.

On February 25, 1998, an amended judgment was filed indicating the court sustained the defendant's objection to U.S.S.G. Section 2K2.1(b)(4). Accordingly, the court reduced the defendant's offense level from 27 to 25. The term of imprisonment was reduced from 120 months to 110 months.

## II.  The Period of Supervision

On August 29, 2003, defendant completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on September 23, 2004.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Standard Condition: | Defendant shall not associate with any persons engaged in criminal activity. |

As grounds, the petition alleges that on or about May 19, 2004, defendant was arrested by Livingston Police Department, Livingston, Texas, for possession of marijuana.  In addition, the petition alleges that on or about May 30, 2004, Lufkin Police Department, Lufkin, Texas, was dispatched to the Target Shopping Center where defendant was found to be in possession of property which included several DVDs concealed in his pants.  Defendant was subsequently arrested for theft. Lufkin authorities also discovered defendant visited the store with Julius Kennard

Clark, who was also arrested for theft and identity theft for a stolen credit card being found in his possession.

## IV.  Proceedings

On January 23, 2006, the undersigned United States Magistrate Judge convened a hearing to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a condition of supervised release by associating with a person engaged in criminal activity.  The court announced that this violation is a Grade C violation, with policy guidelines suggesting 8 to 14 months imprisonment upon revocation.

Counsel for the government and the defendant announced that they had reached an agreement as to a recommended disposition.  This agreement was that the court should revoke supervised release, impose 8 months imprisonment; followed by no additional period of supervised release.  In return, the government will decline to proceed with remaining alleged violations of supervised release conditions.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated conditions of supervision by associating with a person engaged in criminal activity, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.  U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; <u>see</u> 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> <u>also</u> 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to an alleged violation of a standard condition: associating with a person engaged in criminal activity. Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this standard

condition of supervised release, a Grade C violation, in the manner alleged in the petition.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by associating with a person engaged in criminal activity. As such, incarceration appropriately addresses defendant's violations.

## RECOMMENDATIONS

1. The court should find that defendant violated the condition of supervised release by associating with a person engaged in criminal activity, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked.

3. Defendant should be sentenced to a term of imprisonment of eight (8) months, with no further supervision thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to

revocation of supervised release as recommended herein.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 25th day of January, 2006.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE